UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BEILES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13 C 2838 |
| CITY OF CHICAGO and CHRIS TRAYNOR, | ) ) ) ) | Chief Judge Ruben Castillo |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Beiles brings this action against Defendants Chris Traynor and the City of Chicago (collectively, "Defendants") alleging false arrest in violation of 42 U.S.C. § 1983 ("Section 1983"), malicious prosecution under Illinois law, and intentional infliction of emotional distress under Illinois law. Presently before the Court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, Defendants' motion for judgment on the pleadings is granted in part and denied in part.

## RELEVANT FACTS

On August 29, 2011, at approximately 5:00 PM, Beiles was walking along Randolph Street toward the Ogilvie Transportation Center in Chicago to board a train to go home from work. (R. 1, Compl. ¶¶ 5, 7.) Beiles alleges that the pedestrian traffic along Randolph Street was very heavy at that time. (*Id.* ¶ 6.) As Beiles approached Canal Street, an automobile driven by Traynor, attempting to turn from an alleyway onto Randolph Street, approached the pedestrian crowd. (*Id.* ¶ 7.) Traynor was wearing plain clothes, and there was no outward indication that he was a police officer. (*Id.*) Beiles alleges that instead of waiting for a break in

pedestrian traffic, Traynor drove his vehicle into the pedestrian crowd, almost running into Beiles and other pedestrians. (*Id.*) Fearing for his safety and the safety of others, Beiles struck the front side panel of Traynor's vehicle and yelled at Traynor not to drive into pedestrians. (*Id.* ¶ 8.) Once the vehicle stopped, Beiles resumed walking on Randolph Street. (*Id.* ¶ 9.) Beiles alleges that after he crossed Canal Street, Traynor, who had gotten out of the vehicle, grabbed him and refused to let him go. (*Id.*) Traynor allegedly yelled at Beiles, demanding payment for any damage to the front side panel of the vehicle. (*Id.*) When Beiles demanded to be let go, Traynor announced that he was a City of Chicago police officer and that Beiles was under arrest for unlawfully damaging Traynor's property and resisting arrest. (*Id.*) The resulting damage to the vehicle was under $300.00. (*Id.*)

Beiles alleges that he did not resist arrest, nor did he "damage property without justification." (*Id.* ¶ 10.) Beiles was then taken to a police station with "little or no explanation" as to what would happen to him. (*Id.* ¶ 11.) He was not able to call his wife and children until 10:00 PM, and he was not read his Miranda rights. (*Id.* ¶¶ 11-12.) Beiles was released at 5:00 AM on August 30, 2011; he then went home and explained to his wife what had happened. (*Id.* ¶ 13.) Beiles alleges that this incident caused him and his wife considerable mental anguish. (*Id.*) As a result of the arrest, Beiles had to hire counsel to defend him in a criminal matter. (*Id.* ¶¶ 14-15.) Beiles alleges that his criminal case ended on August 7, 2012, "in a manner fully favorable" to him. (*Id.* ¶ 16). Beiles alleges that Traynor acted pursuant to a custom and policy of the City of Chicago and the Chicago Police Department. (*Id.* at ¶ 17.)

## PROCEDURAL HISTORY

On April 15, 2013, Beiles filed a four-count complaint alleging false arrest (Count I against Traynor and Count II against the City of Chicago), malicious prosecution (Count III), and

intentional infliction of emotional distress (Count IV). (R. 1, Compl. at 3.) On July 17, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to Count IV, (R. 12, Defs.' Mot. Dismiss), which the Court granted on November 5, 2013, (R. 34, Min. Entry). Defendants separately answered the complaint on July 19, 2013. (R. 14, City of Chicago's Answer; R. 15, Traynor's Answer.) On August 23, 2013, Defendants jointly moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the remaining counts. (R. 20, Defs.' Mot. J.) Beiles responded to Defendants' motion for judgment on the pleadings on October 2, 2013, (R. 25, Pl.'s Resp.), and Defendants replied on October 16, 2013, (R. 33, Defs.' Reply). Defendants' motion for judgment on the pleadings on Counts I, II, and III is presently before the Court.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings alone. *N. Ind. Gun & Outdoor Shows, Inc v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The pleadings consist of the "the complaint, the answer, and any written instruments attached as exhibits." *Id.* (citing Fed. R. Civ. P. 10(c)). Courts apply the same standard to a Rule 12(c) motion as to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Accordingly, the Court accepts as true the facts alleged in the complaint and draws all reasonable inferences in favor of the non-moving party. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). If the plaintiff's complaint reveals that the defendant has an "airtight defense," the plaintiff "has pleaded himself out of court," and it is appropriate for the Court to dismiss the suit on the pleadings. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A court should grant a Rule 12(c) motion for judgment on the pleadings "only when it appears beyond a doubt

that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008) (quoting *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007)).

## ANALYSIS

### I. Beiles's False Arrest Claims (Counts I and II)

In Counts I and II, Beiles alleges that Defendants falsely arrested him in violation of Section 1983. (R. 1, Compl. at 3.) Importantly, Beiles alleges that Traynor acted under color of law and that Traynor arrested him without probable cause. (*Id.* ¶¶ 3, 10.) To state a claim under Section 1983, a plaintiff must plead that: "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the activity deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). The Fourth Amendment protects the right of individuals to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless arrest is not unreasonable under the Fourth Amendment "where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Thus, the existence of probable cause to arrest precludes a Section 1983 claim for false arrest. *Morfin v. City of E. Chi.*, 349 F.3d 989, 997 (7th Cir. 2003) (quoting *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992)). Further, probable cause need only exist for at least one of the charges to preclude a Section 1983 claim. *DuFour-Dowell v. Cogger*, 969 F.Supp. 1107, 1114 (7th Cir. 1997) ("Since defendants had probable cause to arrest [plaintiff] on at least one of the charges, it is unnecessary to determine whether there was probable cause for the other two charges."); *see also Ramos v. City of Chi.*, 716 F.3d 1013, 1018

(7th Cir. 2013) ("[T]he offense for which probable cause exists need not be the subjective offense for which the officer was conducting arrest. It is enough that probable cause exists as to an offense.") (internal citations omitted). Accordingly, Defendants cannot be liable if Traynor had probable cause to arrest Beiles for any offense.

### A. Traynor had probable cause to arrest Beiles

Defendants argue that it is clear from Beiles's complaint that Traynor had probable cause to arrest Beiles.[1] (R. 20, Defs.' Mot. J. at 2.) The existence of probable cause is a question of law to be answered by the Court. *Beck v. State of Ohio*, 379 U.S. 89, 96 (1964). Probable cause is present if, at the time of the arrest, "the facts and circumstances within [the arresting offer's] knowledge and of which [he] has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999); *see People v. Chapman*, 743 N.E.2d 48, 67 (Ill. 2000). The existence of probable cause turns on the information known to the officer at the moment the arrest is made, not on subsequently received information. *Hebron v. Touhy*, 18 F.3d 421, 423 (7th Cir. 1994); *see Chapman*, 743 N.E.2d at 67. Thus, Traynor had probable cause to arrest Beiles if the facts and circumstances within Traynor's knowledge at the time of the arrest led him to reasonably believe that Beiles committed the offense of criminal damage to property.

Beiles argues that the complaint does not establish the elements of criminal damage to property. (R. 25, Pl.'s Resp. at 4.) A person commits criminal damage to property under Illinois law if he "knowingly damages any property of another." 720 Ill. Comp. Stat. 5/21-1(a)(1). Beiles argues that he did not act "knowingly" because he did not intend to damage Traynor's

---

[1] Defendants argue in the alternative that Traynor is entitled to qualified immunity from Beiles's false arrest claim. (R. 20, Defs.' Mot. J. at 5.) Because the Court grants Defendants' motion for judgment on the pleadings as to Count I, the Court need not determine if qualified immunity is appropriate.

5

vehicle. (R. 25, Pl.'s Resp. at 4.) Whether or not Beiles intended to damage the vehicle is not the question, however; what matters is whether Beiles intended to strike Traynor's vehicle. It is not necessary that a defendant intended the particular consequence that resulted from his conduct. *People v. Lattimore*, 955 N.E.2d 1244, 1254 (Ill. App. Ct. 1st Dist. 2011) ("If a defendant 'in the commission of a wrongful act commits another wrong not intended, or where in the execution of an intent to do wrong an unintended act resulting in a wrong ensues as a natural and probable consequence,' a defendant 'acting with a wrongful intent is responsible for the unintended wrong.'") (quoting *People v. Isunza*, 917 N.E.2d 1079, 1084 (Ill. App. Ct. 2d Dist. 2009)); *see People v. Shields*, 127 N.E.2d 440, 443 (Ill. 1955) ("[e]very sane man is presumed to intend all of the natural and probable consequences flowing from his own deliberate act") (quoting *Weaver v. People*, 24 N.E. 571, 572 (Ill. 1890)). Beiles's complaint makes clear that he intentionally struck Traynor's vehicle. (R. 1, Compl. ¶ 8.) Thus, his allegations firmly establish the "knowingly" element of criminal damage to property.

Beiles also contends that the complaint does not establish that he caused any damage to the vehicle. (R. 25, Pl.'s Resp. at 3.) The concern in the probable cause inquiry, however, is not whether the alleged facts would amount to proof of Beiles's guilt in the underlying offense; the concern is whether the facts are sufficient to support Officer Traynor's suspicion that Beiles committed the crime of criminal damage to property. *See Woods v. City of Chi.*, 234 F.3d 979, 996 (7th Cir. 2000) (probable cause "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction") (quoting *United States v. Moore*, 215 F.3d 681, 686 (7th Cir. 2000)). The Seventh Circuit has found that officers who witnessed an individual damage another's property by slashing car tires had probable cause to arrest her for a violation of 720 Ill. Comp. Stat. 5/21-1(a)(1). *U.S. v. Mosby*, 541 F.3d 764, 767-68 (7th Cir. 2008). Here,

Beiles alleges that he intentionally struck the front side panel of Traynor's vehicle and that Traynor witnessed him do so. (R. 1, Compl. ¶ 8.) Beiles also alleges that Traynor demanded that Beiles pay for the damage to his car, indicating Traynor's belief that Beiles caused damage. (*Id.* ¶ 9.) Thus, the Court concludes that it was reasonable for Traynor to believe that Beiles had committed the offense of criminal damage to property. Drawing all reasonable inferences in Beiles's favor, the Court finds that the allegations in his complaint establish that Traynor had probable cause to arrest Beiles for criminal damage to property.

### B. Beiles's affirmative defense to the misdemeanor charge does not negate Traynor's probable cause to arrest Beiles

Beiles argues that even if he did commit the crime of criminal damage to property, he did so out of necessity "to prevent the car from striking him and others." (R. 25, Pl.'s Resp. at 5-6.) Beiles argues that it should have been obvious to Traynor that Beiles acted out of necessity, and Traynor therefore should not have arrested Beiles. (*Id.*) The existence of an affirmative defense to the underlying charge has no bearing on the probable cause analysis. *Humphrey v. Staszak*, 148 F.3d 719, 724 (7th Cir. 1998) ("There is no legal basis for allowing an affirmative defense, which might have allowed the plaintiff to escape a conviction . . . to interfere with the established § 1983 probable-cause-to-arrest analysis"); *Aboufariss v. City of De Kalb*, 713 N.E.2d 804, 811 (Ill. App. Ct. 2d Dist. 1999) ("the assertion of an affirmative defense does not negate the finding of probable cause for purposes of a section 1983 analysis"). Thus, Beiles's potential defense of necessity may have been helpful in his defense of the criminal matter, but it is irrelevant to the determination that Traynor had probable cause to arrest him. Beiles cites *Driebel v. City of Milwaukee*, 298 F.3d 662, 645 (7th Cir. 2002), in support of the proposition that the Court should consider in its probable cause analysis whether Beiles had an affirmative defense. (R. 25, Pl.'s Resp. at 5.) *Driebel*, however, actually supports the opposite conclusion as the Seventh Circuit

stated that it is "well-settled" that once an officer determines that probable cause exists, the Fourth Amendment does not require him to conduct further investigation into possible defenses. 298 F.3d at 643-644; *see also McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009) ("Although [the officer] 'may not ignore conclusively established evidence of the existence of an affirmative defense,' the Fourth Amendment imposes no duty to investigate whether a defense is valid.") (quoting *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004)). The Court finds that at the time of arrest, there was no conclusive evidence that Plaintiff acted out of necessity, and Traynor had no duty to imagine and investigate the validity of a necessity defense. Accordingly, the Court rejects Beiles's argument that probable cause did not exist because of a potential defense of necessity.

Because the Court finds that Traynor had probable cause to arrest Beiles, Beiles's claims for false arrest under Section 1983 fail as a matter of law. Defendants are therefore entitled to judgment on the pleadings as to Counts I and II.

## II. Beiles's Malicious Prosecution Claim (Count III)

In Count III, Beiles alleges that Defendants are liable for malicious prosecution under Illinois law. (R. 1, Compl. at 3.) Defendants argue that "Defendant Traynor had probable cause to arrest Plaintiff, so Plaintiff's state-law malicious prosecution claim must fail." (R. 20, Defs.' Mot. J. at 6.) Beiles does not address Defendants' argument in his response, and Defendants do not mention Belies's malicious prosecution claim again in their reply. In order to establish a claim of malicious prosecution, a plaintiff must show: "(1) the commencement or continuation of an original criminal or civil proceeding by defendants, (2) termination of the proceeding in favor of plaintiff, (3) the absence of probable cause for the proceeding, (4) the presence of malice on defendants' part, and (5) damages resulting to plaintiff." *Ross v. Mauro Chevrolet*, 861 N.E.2d

313, 319 (Ill. App. Ct. 1st Dist. 2006) (citing *Reynolds v. Menard, Inc.*, 850 N.E.2d 831, 837 (Ill. App. Ct. 1st Dist. 2006)). "The existence of probable cause in a malicious-prosecution action is 'determined by looking to what the defendants knew at the time of subscribing a criminal complaint' and not at the (earlier) time of arrest." *Gauger v. Hendle*, 954 N.E.2d 307, 329 (Ill. App. Ct. 2d Dist. 2011) (quoting *Porter v. City of Chi.*, 912 N.E.2d 1262, 1273 (Ill. App. Ct. 1st Dist. 2009)). In a malicious prosecution case, probable cause is defined as "a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Fabiano v. City of Palos Hills*, 784 N.E.2d 258, 266 (Ill. App. Ct. 1st Dist. 2002). Probable cause turns on "the state of mind of the person commencing the prosecution . . . not the actual facts of the case or the guilt or innocence of the accused." *Sang Ken Kim v. City of Chi.*, 858 N.E.2d 569, 574 (Ill. App. Ct. 1st Dist. 2006). "[F]ailure to prove a lack of probable cause is fatal to a claim for malicious prosecution." *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1219 (Ill. App. Ct. 1st Dist. 2003).

Beiles's complaint does not contain sufficient facts to establish all the elements of a malicious prosecution claim, but neither does it demonstrate "beyond a doubt that [Beiles] cannot prove any facts to support a claim" of malicious prosecution. *See Supreme Laundry Serv.*, 521 F.3d at 746. Defendants' cursory argument that Beiles's malicious prosecution claim must fail is unsupported by any law or analysis—probable cause to arrest is distinct from probable cause to prosecute. *See Gauger*, 954 N.E.2d at 329. Additionally, neither party devotes any attention to Beiles's specific claim that he was maliciously prosecuted for resisting arrest. Because the parties' submissions to the Court lack any law or analysis pertinent to a malicious prosecution claim, judgment on the pleadings as to Count III is inappropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (R. 20) is GRANTED as to Counts I and II and DENIED as to Count III. The parties are directed to exhaust all settlement possibilities for the remaining claim. A settlement conference will be held in chambers on December 17, 2013 at 12:00 PM.

ENTERED: _____
Chief Judge Ruben Castillo
United States District Court

**Dated: December 13, 2013**